UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
 :
RAYMOND A. SEMENTE D.C., P.C., :
 :
                      Plaintiff, : 14-CV-5644 (JMF)
 :
         -v- : MEMORANDUM OPINION
 : AND ORDER
EMPIRE HEALTHCHOICE ASSURANCE, INC. et al., :
 :
                      Defendants. :
 :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On August, 8, 2014, the Court issued an Order to Show Cause why this case, involving claims under, among other things, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(2), should not be transferred to the Eastern District of New York on the ground that the conduct at issue appeared to have been directed at Plaintiff's business in that district. (Docket No. 4). Upon due consideration of the parties' submissions (Docket Nos. 6, 11, 14), the Court concludes that both the convenience of the parties and witnesses and the interests of justice call for transfer. Accordingly, for the reasons explained herein, the case is transferred pursuant to Title 28, United States Code, Section 1404(a).

      Significantly, although the Court's Order to Show Cause cited Section 1404(a), and stated that transfer of this case appears warranted "in the interest of justice," Plaintiff does not even cite Section 1404(a) in its response to the Order. Instead, Plaintiff's primary argument is that the Southern District of New York is an appropriate venue pursuant to ERISA's venue provision, which provides that

> [w]here an action under this subchapter is brought in a district court of the United States, it *may* be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may

be served in any other district where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2) (emphasis added). Plaintiff may well be right, as several Defendants reside within the Southern District of New York (Docket No. 1 ¶¶ 2-4), but its argument is ultimately beside the point. Even if venue is proper, as Defendants effectively concede, the Court may still transfer the case to a more appropriate forum pursuant to Section 1404(a). *See, e.g.*, *Cohn v. Metro. Life Ins. Co.*, No. 07-CV-0928 (HB), 2007 WL 1573874 (S.D.N.Y. May 31, 2007); *Malone v. Commonwealth Edison Co.*, 2 F. Supp. 2d 545, 546-47 (S.D.N.Y. 1998).

In considering whether to transfer a case pursuant to Section 1404(a), a court must first establish that the case could have been filed in the transferee district and, if so, determine whether the convenience and the interests of justice favor transfer. *See, e.g.*, *Bossom v. Buena Cepa Wines, LCC*, No. 11-CV-6890 (VB), 2011 WL 6182368, at *1 (S.D.N.Y. Dec. 12, 2011); *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006). The latter inquiry is guided by a non-exhaustive list of factors, including: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice. *See, e.g.*, *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010); *Larew v. Larew*, No. 11-CV-5771 (BSJ) (GWG), 2012 WL 87616, at *3 (S.D.N.Y. Jan. 10, 2012).

As a general matter, "a plaintiff's choice of forum should not be disturbed unless the balance of the factors tips heavily in favor of a transfer." *Rush v. Fischer*, 923 F. Supp. 2d. 545, 556 (internal quotation marks omitted); *see also Lykes Bros. Steamship Co. v. Sugarman*, 272

F.2d 679, 681 (2d Cir. 1959) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." (internal quotation marks omitted)). At the same time, "[t]here is no rigid formula for balancing" the factors and "no single one of them is determinative." *Larew*, 2012 WL 87616, at *3. "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).

Applying those standards here, the Court concludes that transfer to the Eastern District of New York is appropriate. As an initial matter, venue in that District is plainly proper, as several Defendants — namely, the County of Suffolk, Suffolk County Labor/Management Committee, and Employee Medical Health Plan of Suffolk County ("Suffolk County Defendants") — reside there. *See* 29 U.S.C. § 1132(e)(2). (Docket No. 14 ¶ 15). Second, all but one of the Section 1404(a) factors favor transfer to the Eastern District of New York (or cut in neither direction). Most notably, the convenience of witnesses, which "has been characterized as the most powerful factor governing the decision to transfer a case," *Royal Ins. Co. of Am. v. United States*, 998 F. Supp. 351, 354 (S.D.N.Y. 1998) (internal quotation marks omitted), favors transfer as Plaintiff's office is located in Suffolk County, within the Eastern District. (Docket No. 1, ¶ 1). Potential witnesses — including Plaintiff's principal, any individuals employed by Plaintiff, and a significant number of its patients — are therefore presumably within the Eastern District on a regular basis. The Suffolk County Defendants also reside in the Eastern District, (Docket No. 14 ¶ 9), making it a more convenient location for any of their employees called as witnesses.

For similar reasons, the location of the relevant documents and the locus of operative facts favor transfer. Defendants have suggested, and Plaintiff does not indicate otherwise, that

3

the majority of documents maintained by Plaintiff are at its office within the Eastern District. The Suffolk County Defendants also maintain their records within the Eastern District. (Docket No. 14 ¶ 15). Additionally, Plaintiff's treatment of patients and filing of claims presumably took place at its office in Suffolk County. And Defendants have represented that a significant number of the claims decisions and other acts or omissions giving rise to Plaintiff's claims against Defendants took place in the Eastern District. (Docket No. 11, at 3-4; Docket No. 14 ¶ 11).

In fact, upon review of all the Section 1404(a) factors, only one favors this District — namely, deference to Plaintiff's choice of forum. To be sure, that factor is entitled to considerable weight, especially in an ERISA case. *See, e.g.*, *In re Principal U.S. Prop. Account Litig.*, 09-CV9889 (CM), 2010 WL 1645042, at *3 (S.D.N.Y. Apr. 22, 2010) ("ERISA plaintiffs are entitled to heightened deference for their choice of a venue in which to pursue their claims."). It is, however, not controlling; indeed, if it were, Section 1404(a) would be rendered all but meaningless. That is, a court may still transfer a case in the interest of justice if the other factors favor a different forum — especially when, as here, the plaintiff has selected a forum other than its own. *See, e.g.*, *Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 291 (S.D.N.Y. 2004). Upon due consideration of all the Section 1404(a) factors, that is the case here.

Accordingly, for the reasons discussed above, the case is transferred to the Eastern District of New York pursuant to Section 1404(a). The Court is directed to transfer the case to that District and to close the case in this District.

SO ORDERED.

Dated: September 29, 2014
      New York, New York

JESSE M. FURMAN
United States District Judge