UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAYMOND A. SEMENTE, D.C., P.C.,

                    Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                                     14 CV 5823 (DRH) (SIL)

      - against -

EMPIRE HEALTHCHOICE ASSURANCE, INC.,
d/b/a EMPIRE BLUE CROSS BLUE SHIELD,
VERIZON COMMUNICATIONS, INC., VERIZON
ADVANCED DATA INC., VERIZON AVENUE
CORP., VERIZON CORPORATE SERVICES
CORP., VERIZON NEW YORK INC., VERIZON
NEW ENGLAND INC., VERIZON SERVICES
CORP., EMPIRE CITY SUBWAY COMPANY
(LIMITED), COUNTY OF SUFFOLK, SUFFOLK
COUNTY LABOR/MANAGEMENT
COMMITTEE and THE EMPLOYEE MEDICAL
HEALTH PLAN OF SUFFOLK COUNTY,

                             Defendants.
------------------------------------------------------------X

**APPEARANCES:**

For Plaintiff:

**QUADRINO LAW GROUP, P.C.**
225 Broad Hollow Road, Suite 304
Melville, NY 11747
By:    Richard J. Quadrino, Esq.
         Harold J. Levy, Esq.

For Suffolk County Defendants:
**DENNIS M. BROWN**
Suffolk County Attorney
100 Veterans Memorial Highway
Hauppauge, New York 11788-0099
By:    Rudolph M. Baptiste, Esq.

**HURLEY, Senior District Judge:**

       Plaintiff Raymond A. Semente, D.C., P.C. ("plaintiff" or "Semente") brings this action

against defendants Empire Healthchoice Assurance, Inc. d/b/a Empire Blue Cross Blue Shield,

1

("Empire"), Verizon Communications, Inc., Verizon Advanced Data, Inc., Verizon Avenue Corp., Verizon Corporate Services Corp., Verizon New York Inc., Verizon New England Inc., Verizon Services Corp., Empire City Subway Company (Limited), (collectively, the "Verizon defendants"), and County of Suffolk, Suffolk County Labor/Management Committee, and the Employee Medical Health Plan of Suffolk County (collectively, "Suffolk" or "defendants"). Plaintiff is a corporation providing chiropractic and related medical services, which commenced this action on behalf of its patients to recover money allegedly wrongfully withheld by Empire and the health plans it administers for Verizon and Suffolk employees.

Count I of the Complaint asserts claims against Empire and Verizon defendants pursuant to the Employee Retirement Income Security Act ("ERISA"), 28 U.S.C. § 1332(a)(1)(B). Count II of the Complaint asserts a claim for breach of the Employee Medical Health Plan ("EMH Plan") administered by Empire and sponsored by Suffolk as well as violations of 29 C.F.R. § 2560.503-1, as developed more fully below. Count III asserts a claim against Empire and Suffolk for violation of New York's Prompt Pay Law.[1]

Presently before the Court is Suffolk's motion to dismiss for lack of standing pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). For the reasons set forth below, Suffolk's motion to dismiss is granted in part and denied in part.

## BACKGROUND

The following facts are taken from the Complaint.

At all relevant times, plaintiff provided medically necessary and appropriate chiropractic and related medical services to patients who were, at the time services were rendered, either

---

[1] Counts II and III have been voluntarily dismissed against Empire.

employees, retirees, covered spouses and/or dependents under Suffolk's EMH Plan ("Plan Patients"). Plaintiff was an out-of-network provider under the EMH Plan. Plaintiff claims that the Patient Protection and Affordable Care Act ("PPACA") governs the EMH Plan at issue because that plan is a government-sponsored plan not covered by ERISA. However, plaintiff claims that the PPACA incorporated the ERISA regulation set forth at C.F.R. § 2560.503-1 ("the Regulation"), which sets forth certain requirements for the claims procedures of group health plans, including the timing and content of notification of benefit determinations. Indeed, the PPACA provides that "a group health plan and a health insurance issuer offering group health coverage shall provide an internal claims and appeals process that initially incorporates the claims and appeals procedures . . . set forth at section 2560.503-1 of title 29, Code of Federal Regulations." 42 U.S.C. § 300gg-19(a)(2)(A).

Between 2005 and October 2013, plaintiff submitted benefit claims to Empire for reimbursement with respect to chiropractic and related medical services plaintiff provided to EMH Plan Patients. By letter dated October 28, 2013, however, Empire advised plaintiff that for all future claims, medical records would be required to be submitted to Empire at the inception of every claim, meaning that such records must accompany every initial claim form for services. Plaintiff complied with this requirement. However, since October of 2013, Empire, on behalf of Suffolk County, has refused to render payment to plaintiff for the benefit claims made under the EMH Plan. Plaintiff claims that these denials along with the medical records requirement were "in violation of the terms of the applicable EMH Plan, in violation of [Suffolk's] fiduciary duties, and in violation of the governing Regulation." (Compl. ¶ 97.)

*The Assignments*

3

Plaintiff claims to have obtained written authority from Plan Patients to represent them in commencing and pursing this lawsuit on their behalf. The authorizations are entitled "Assignment of Causes of Action and Right to Pursue Litigation on Behalf of Health Plan Employee Members and Dependents" and state as follows:

> I hereby assign to Dr. Raymond A. Semente, D.C., P.C. any and all legal causes of action and the right to commence and pursue a lawsuit on my behalf and/or on behalf of the employee member and/or all covered persons or dependents under the group health plan issued by the County of Suffolk, New York to pursue payment to me or the employee member for health plan claims that have been denied or partially unpaid by the health plan issued by [the County] to pursue payment to me or the employee member for health plan claims that have been denied or partially unpaid by the health plan and/or its administrator, Empire Blue Cross Blue Shield, for services rendered to me and/or my dependents or the covered employee under the health plan. I hereby authorize such lawsuit to be commenced and pursued against the County of Suffolk and/or any of its subdivisions and/or the Employee Medical Health Plan of Suffolk County and Empire Blue Cross Blue Shield.

(Compl. ¶ 84.)

## DISCUSSION

### I. *Standard of Review for Motion to Dismiss*

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2d Cir. 2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007); *accord Harris v. Mills,* 572 F.3d 66, 71–72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678; accord *Harris,* 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. *Iqbal,* 556 U.S. at 679. Determining

whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.; accord* Harris, 572 F.3d at 72.

In making its determination, the Court is confined to "the allegations contained within the four corners of [the] complaint." *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 71 (2d Cir. 1998). However, this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152–53 (2d Cir. 2002) (citations omitted); *Kramer v. Time Warner* Inc., 937 F.2d 767, 773 (2d Cir. 1991).

A case may properly be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). "In contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a 'plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.' " *Mac Pherson v. State St. Bank & Trust Co.,* 452 F. Supp. 2d 133, 136 (E.D.N.Y. 2006) (quoting *Reserve Solutions Inc. v. Vernaglia,* 438 F. Supp. 2d 280, 286 (S.D.N.Y. 2006)), *aff'd,* 273 F. App'x 61 (2008); *accord Tomaino v. United States,* 2010 WL 1005896, at *1 (E.D.N.Y. Mar. 16, 2010). "On a Rule 12(b)(1) motion, the court may consider matters outside the pleadings, including affidavits, documents, and testimony if necessary." *Tsanganea v. City Univ. of N.Y.,* 2008 WL 4054426, at *3 (S.D.N.Y. Aug. 28, 2008) (citing *Kamen v. Am. Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir. 1986)), report and recommendation adopted, 2008 WL 4548857 (S.D.N.Y. Oct. 8, 2008).

## II. *Plaintiff's ERISA Claims*

As set forth above plaintiff's ERISA claims stem from its assertion that the PPACA incorporated the ERISA claims procedures set forth at 29 C.F.R. § 2560.503-1. However, the scope of the Regulation is limited to employee benefit plans described in section 4(a) of ERISA and those not exempted under section 4(b) of ERISA. *See* 29 C.F.R. § 2560.503-1(a). In fact, government sponsored health plans are specifically exempted from application of the Regulation under section 4(b). *See* 29 U.S.C. § 1003(b) (providing that "[t]he provisions of this subchapter shall not apply to any employee benefit plan if such plan is a government plan"). As the EMH Plan is government-sponsored, it is not covered by the Regulation. Accordingly, to the extent Count II of the Complaint is based on violations of the Regulation, that claim is dismissed with prejudice. *See Advanced Women's Health Ctr., Inc. v. Anthem Blue Cross Life and Health Ins. Co.*, 2014 WL 3689284, at *8 (E. D. Cal. Jul. 23, 2014).[2]

## III.   *Whether Plaintiff Has Standing*

Defendants claim that "[t]he alleged assignments plaintiff proffers from his patients are ineffective to confer standing," (Defs.' Mem. in Supp. at 6), because the Suffolk EMH Plan Benefit Booklet ("EMH Booklet") states that "[a]ssignment of benefits to a non-network provider is not permitted." (Compl. Ex. F at 91.) Plaintiff responds, however, that even if the clause prohibits an assignment of benefits, it does not prohibit the assignment here, which was

---

[2] The Court need not address defendant's argument for dismissal pursuant to 12(b)(6) that "[t]he 'Internal Claims and Appeals' provisions of ACA, as cited by the Plaintiff in his complaint, do not apply to grandfathered health plans," and the EMH Plan is one such grandfathered plan. (Defs.' Mem. in Supp. at 13.) Plaintiff's complaint fails to set forth any specific violations of the PPACA other than violations of the Regulation incorporated into the PPACA, and as set forth above, the claims regarding those violations have already been dismissed.
    In a letter dated June 26, 2015 (Docket Entry 44), plaintiff moved to strike defendants' Reply brief because in making its argument that the EMH Plan is grandfathered, defendants cited to documents outside of the Complaint. The Court declines to strike the Reply, but notes that since it did not address this argument, it did not consider such documents.

6

for a legal cause of action to obtain benefits. Moreover, it argues that since the anti-assignment language does not explicitly provide that any assignment shall be void, it is in fact valid.

Under New York law, which both plaintiff and defendants assert governs the plan at issue,[3] "an assignment is valid even where an agreement generally prohibits assignment, unless the agreement specifies that an assignment would be invalid or void." *Mosdos Chofets Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp. 3d 191, 226 (S.D.N.Y. 2014) (internal quotation marks and citation omitted). " '[I]t has been consistently held that assignments made in contravention of a prohibition clause in a contract are void if the contract contains clear, definite and appropriate language declaring the invalidity of such assignments.' " *Id*. (quoting *Sullivan v. Int'l Fid. Ins. Co.*, 96 A.D.2d 555, 556 (2d Dep't 1983)). "However, 'where the language employed constitutes merely a personal covenant against assignments, an assignment made in violation of such covenant gives rise only to a claim for damages against the assignor for violation of the covenant.' " *Id*. (citing *Sullivan*, 96 A.D. 2d at 556) (collecting cases). The anti-assignment clause at issue here does not contain a definite declaration of the invalidity of an assignment as it "contain[s] no provision that the assignment [of benefits] should be void, nor does it provide that an assignee would acquire no rights by reason of any such assignment, nor [does] it provide that the contractor shall not be required to recognize or accept any such assignment." *Sullivan*, 96 A.D. at 556. Moreover, *Renfrew Ctr. v. Blue Cross and Blue Shield of Central New York, Inc.*, 1997 WL 204309 (N.D.N.Y. Apr. 10, 1997), a case relied upon by defendants, is distinguishable from the case at bar because in that case, the anti-assignment provision explicitly stated that any assignments would be "void." Therefore, even if the anti-

---

[3] Plaintiff asserts that New York law "governs the interpretation of the Suffolk Plan." (Pl.'s Mem. in Opp'n at 16.) Similarly, defendants rely on New York law in discussing the assignability of the EMH Plan. (*See* Defs.' Mem. in Supp. at 2 and 11-12.)

7

assignment language prohibited assignments of benefits as well as legal causes of action for benefits as defendants suggest, the assignment here is not void. As a result, the Court will not dismiss plaintiff's claim on this basis.

Defendants' argument that the assignment "[a]t a maximum, . . . provides an authorization only to represent an individual patient in an individual action against the EMHP for a claim or claims having been denied in whole or in part . . . for the limited purpose of exhausting the patients'/members'/appellants' administrative remedies" is also unavailing. (Defs.' Mem. in Supp. at 8-9.) The plain language of an assignment determines its breadth and scope, *see Najjar Group, LLC v. West 56th Hotel LLC*, 106 A.D. 3d 640, 641 (1st Dep't 2013), and here, the plain language of the assignment demonstrates that plaintiff has been assigned the right to bring this suit. As plaintiff points out, "[t]o the extent that Suffolk's reference to 'individual patient' means a specific patient or his dependents, Plaintiff agrees, which is why Plaintiff requires *all* patients to sign such forms, and has alleged in the Complaint that it has valid assignments from all patients." (Pl.'s Mem. in Opp'n at 18.) Moreover, plaintiff points out that the assignments do not mention anything about an "individual action" and defendants have not explained why the assignment precludes all individuals from being represented here. Furthermore, the language of the assignments clearly indicates the assignment of "any and all legal causes of action and the right to commence and pursue a lawsuit" and is not limited to solely administrative claims. As a result, defendants' argument does not result in dismissal.

There is a question, however, not addressed by either party, as to whether having dismissed the federal claims against Suffolk, the Court should retain the state law claims against it pursuant to 28 U.S.C. § 1367. Although plaintiff still has federal claims against Empire and the Verizon defendants based on a separate ERISA-governed plan, neither party has addressed

whether the state law claims regarding the EMH Plan "form part of the same case or controversy" such that the Court has supplemental jurisdiction over them.  Plaintiff is directed to file a brief on that point within fourteen days of this Order.  Suffolk shall file a response within 28 days of this Order.  Any reply from plaintiff shall be due within 35 days of this Order.

### IV. *Plaintiff's New York State Insurance Law Claim*

Plaintiff has agreed to the dismissal of Count III of the Complaint, alleging a violation of New York Insurance Law § 3224-a, New York's Prompt Pay Law.  (Pl.'s Mem. in Opp'n at 21.)  As a result, this claim is dismissed and defendants' arguments in its brief at points V and VI arguing for its dismissal are moot.

### CONCLUSION

For the foregoing reasons, it is hereby ordered that defendants' motion to dismiss is granted in part and denied in part.  The parties are to submit briefing on the issue of supplemental jurisdiction in accordance with the schedule set forth above.

**SO ORDERED.**

Dated: Central Islip, New York
December 4, 2015

/s/
Denis R. Hurley
Unites States District Judge