UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RAYMOND A. SEMENTE, D.C., P.C.,

                     Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                     14 CV 5823 (DRH) (SIL)

        - against -

EMPIRE HEALTHCHOICE ASSURANCE, INC.,
d/b/a EMPIRE BLUE CROSS BLUE SHIELD,
VERIZON COMMUNICATIONS, INC., VERIZON
ADVANCED DATA INC., VERIZON AVENUE
CORP., VERIZON CORPORATE SERVICES
CORP., VERIZON NEW YORK INC., VERIZON
NEW ENGLAND INC., VERIZON SERVICES
CORP., EMPIRE CITY SUBWAY COMPANY
(LIMITED), COUNTY OF SUFFOLK, SUFFOLK
COUNTY LABOR/MANAGEMENT
COMMITEE and THE EMPLOYEE MEDICAL
HEALTH PLAN OF SUFFOLK COUNTY,

                               Defendants.
----------------------------------------------------------X

**APPEARANCES:**

For Plaintiff:

**QUADRINO LAW GROUP, P.C.**
225 Broad Hollow Road, Suite 304
Melville, NY 11747
By:    Richard J. Quadrino, Esq.
         Harold J. Levy, Esq.

For Suffolk County Defendants:
**DENNIS M. BROWN**
Suffolk County Attorney
100 Veterans Memorial Highway
Hauppauge, New York 11788-0099
By:    Rudolph M. Baptiste, Esq.

**HURLEY, Senior District Judge:**

        Plaintiff Raymond A. Semente, D.C., P.C. ("plaintiff" or "Semente") commenced this

action against defendants Empire Healthchoice Assurance, Inc. d/b/a Empire Blue Cross Blue

Shield, ("Empire"), Verizon Communications, Inc., Verizon Advanced Data, Inc., Verizon Avenue Corp., Verizon Corporate Services Corp., Verizon New York Inc., Verizon New England Inc., Verizon Services Corp., Empire City Subway Company (Limited), (collectively, the "Verizon defendants"), and County of Suffolk, Suffolk County Labor/Management Committee, and the Employee Medical Health Plan of Suffolk County (collectively, "Suffolk"). Plaintiff is a corporation providing chiropractic and related medical services, which commenced this action on behalf of its patients to recover money allegedly wrongfully withheld by Empire and the health plans it administers for Verizon and Suffolk employees.

Count I of the Complaint asserts claims against Empire and Verizon defendants pursuant to the Employee Retirement Income Security Act ("ERISA"), 28 U.S.C. § 1332(a)(1)(B). Count II of the Complaint asserts a claim for breach of the Employee Medical Health Plan ("EMH Plan") administered by Empire and sponsored by Suffolk. Count III asserts a claim against Empire and Suffolk for violation of New York's Prompt Pay Law.[1]

Previously, Suffolk made a motion to dismiss plaintiff's claims against it for lack of standing pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). In an Order dated December 4, 2015 (the "December Order"), the Court dismissed plaintiff's claims against Suffolk that were based on violations of ERISA regulation C.F.R. 2560.503-1 ("the Regulation") because it found that the Regulation did not apply to government-sponsored health plans governed by the Patient Protection and Affordable Care Act ("PPACA"). Plaintiff now moves for reconsideration of that decision. For the reasons set forth below, that motion is granted.

## BACKGROUND

---

[1] Count II has been voluntarily dismissed against Empire and Count III has been voluntarily dismissed in its entirety.

The Court assumes familiarity with the facts of this case as discussed in its December Order.

**DISCUSSION**

## I. *Standard of Review for Motion for Reconsideration*

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Int'l Union,* 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *accord Arum v. Miller,* 304 F.Supp.2d 344, 347 (E.D.N.Y. 2003); *see also U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.,* 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (concluding that a motion for reconsideration under Local Civil Rule 6.3 "provides the Court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice"). The moving party, however, may not repeat "arguments already briefed, considered and decided." *Schonberger v. Serchuk,* 742 F.Supp. 108, 119 (S.D.N.Y. 1990); *accord Polsby v. St. Martin's Press, Inc.,* 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000); *see also Medoy v. Warnaco Employees' Long Term Disability Ins. Plan,* 2006 WL 355137 (E.D.N.Y. Feb. 15, 2006) ("The standard for ... reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

## II. *Plaintiff's Claims Against Suffolk*

As discussed in the December Order, plaintiff's claims against Suffolk stem from its assertion that the PPACA incorporated the ERISA claims procedures set forth at 29 C.F.R. §

2560.503-1, i.e., the Regulation.  In the December Order, the Court noted that the scope of the Regulation is limited to employee benefit plans described in section 4(a) of ERISA and those not exempted under section 4(b) of ERISA.  *See* 29 C.F.R. § 2560.503-1(a).  Further, the Court found that government-sponsored health plans are specifically exempted from application of the Regulation under section 4(b).  *See* 29 U.S.C. § 1003(b) (providing that "[t]he provisions of this subchapter shall not apply to any employee benefit plan if such plan is a government plan").  Based on this limitation, the Court found that since the EMH Plan is sponsored by Suffolk, i.e., government-sponsored, it was exempted from the Regulation.

Presently, plaintiff urges that the 4(b) limitation is not applicable here and that the Court should apply the broader scope of the PPACA.  As plaintiff points out, the PPACA provides that "a group health plan and a health insurance issuer offering group health coverage shall provide an internal claims and appeals procedure process that initially incorporates the claims and appeals procedures set forth" in the Regulation.  42 U.S.C. § 300gg-19(a)(2)(A).  Moreover the PPACA defines "group health plan" as "an employee welfare benefit plan (as defined in section 3(1) of [ERISA])."  42 U.S.C. 300gg-91.  ERISA § 3(1) defines "employee welfare benefit plan" as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident . . . ."  29 U.S.C. § 1002(1).  The definition does not specifically exclude government-sponsored plans.  Furthermore, the plaintiff argues that the plan at issue fits within the broader scope of the PPACA, and that its scope, rather than the scope of the Regulation, which excludes government-sponsored plans, is applicable

4

here. It also contends that the case cited by this Court in its December Order, *Advanced Women's Health Ctr., Inc. v. Anthem Blue Cross Life and Health Ins. Co.*, 2014 WL 3689284 (E.D. Cal. Jul. 23, 2014), which applied the scope of the Regulation, was wrongly decided. The Court finds plaintiff's argument persuasive. Since the claims against Suffolk are asserted pursuant to the PPACA, is appropriate to apply the scope of the PPACA and not the more limited scope of ERISA. Moreover, the Court agrees with plaintiff's suggestion that the PPACA "*extended* the coverage of the Claims Regulation to a broader audience," and that under the Court's prior analysis in the December Order, "the Regulation would cover the same group health plans under PPACA as it had always covered under ERISA," rendering "42 U.S.C. § 300gg-19(a)(2)(A) meaningless and purposeless." (Pl.'s Mem. in Supp. at 4.) Therefore, the Court will not dismiss the claims against Suffolk based on the scope of the Regulation.

*Whether the EMH Plan Is Grandfathered*

Given that the Court is not dismissing the claims against Suffolk based on the argument that the Regulation does not apply, it must turn to Suffolk's other argument for dismissal, which it did not address in the December Order, i.e., that "[t]he 'Internal Claims and Appeals' provisions of [the PPACA], as cited by the Plaintiff in his complaint, do not apply to grandfathered health plans," and the EMH Plan is one such grandfathered plan. (Defs.' Mem. in Supp. at 13.) Pursuant to the PPACA, "[t]o maintain status as a grandfathered health plan, a plan or health insurance coverage must include a statement that the plan or coverage believes it is a grandfathered health plan within the meaning of section 1251 of the [PPACA], and must provide contact information for questions and complaints, in any summary of benefits provided under the plan." 29 C.F.R. § 2590.715-1251(a)(2)(i). The statute also provides model language that can be used to satisfy the disclosure statement. Plaintiff argues that since Suffolk's Plan does not

5

include any such statement in its plan documents since at least 2012, the date of the plan attached to the Complaint, then it is not grandfathered for purposes of this action.

While Suffolk concedes that "the [EMH Plan] member booklet, last revised in 2012 does not contain a notice, statement or advisement in the form suggested by regulation," (Reply at 1), they point out that "the [EMH Plan] advised its members of its intent to remain 'grandfathered' with the issuance and dissemination of an 'all employee memorandum' that went out county-wide to all employees, retirees and members" (Reply at 2). Suffolk attached this memorandum to their reply. Plaintiff, in a letter dated June 26, 2015, (DE 44) asked the Court to strike the reply given that Suffolk "improperly and impermissibly introduce[d] new evidence, not part of the Complaint, not part of the prior record in this action, and previously unknown to Plaintiff." (DE 44 at 2.)

Generally, in deciding a motion to dismiss pursuant to Rule 12(b)(6), the court may only consider facts stated in the complaint or "[d]ocuments that are attached to the complaint or incorporated in it by reference." *Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir.2007); *see also Gillingham v. Geico Direct,* 2008 WL 189671, at *2 (E.D.N.Y. Jan. 18, 2008). Since the document attached to the reply does not fit into any of these categories, the Court will not consider it on this motion. Therefore, the Court will not dismiss plaintiff's claims against Suffolk based on information contained in the memorandum regarding the grandfathered status of the EMH Plan.

### III. Supplemental Jurisdiction

In the December Order, the Court directed the parties to address whether "the state law claims regarding the EMH Plan 'form part of the same case or controversy' [as the federal claims against Empire and the Verizon defendants based on a separate ERISA-governed plan] such that

the Court has supplemental jurisdiction over them." (December Order at 8-9.) The issue framed by the plaintiff is correct: "The issue before the Court is not the retention of supplemental state law claims once all federal claims are dismissed. Rather, it is the supplemental jurisdiction over a pendant party, defined as a party in a federal question case over which only state law claims are asserted." (Pl.'s Reply at 4.) Pursuant to 28 U.S.C. § 1367(a), supplemental jurisdiction exists "over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy under Article III of the United States Constitution."

Instead of arguing that the claims against Suffolk form part of a different case or controversy under § 1367(a), Suffolk argues that the Court in its discretion should decline to exercise supplemental jurisdiction over Suffolk pursuant to 28 USC § 1367(c)(3), which states that a district court may decline to exercise supplemental jurisdiction over a claim if it has "dismissed all claims over which it has original jurisdiction." However, such is not the case here, where the plaintiff's federal ERISA claims against Empire and Verizon still remain. Moreover, since the claims against Suffolk and Verizon involve the same claims administrator, Empire, and both claims allege similar violations of the Regulation, the claims are part of the same case or controversy, and the Court has subject matter jurisdiction over the Suffolk claims.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that plaintiff's motion for reconsideration is granted, and plaintiff's claims against Suffolk based on the Regulation are reinstated.

**SO ORDERED.**

Dated: Central Islip, New York
      September 6, 2016

                                      /s/
                                  Denis R. Hurley
                                Unites States District Judge