```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RAYMOND A. SEMENTE, D.C., P.C.,

                        Plaintiff,
                                                                    14-cv-5823 (DRH)(SIL)
        -against-

EMPIRE HEALTHCHOICE ASSURANCE,
INC. d/b/a EMPIRE BLUE CROSS BLUE               MEMORANDUM AND
SHIELD, VERIZON COMMUNICATIONS,                 ORDER and REPORT
INC., VERIZON ADVANCED DATA INC.,               AND RECOMMENDATION
VERIZON AVENUE CORP., VERIZON
CORPORATE SERVICES CORP., VERIZON
NEW YORK, INC., VERIZON NEW ENGLAND
INC., VERIZON SERVICES CORP., EMPIRE
SUBWAY COMPANY (LIMITED), COUNTY OF
SUFFOLK, SUFFOLK COUNTY
LABOR/MANAGEMENT COMMITTEE and
THE EMPLOYEE MEDICAL HEALTH PLAN
OF SUFFOLK COUNTY,

                        Defendants.
-----------------------------------------------------------------X
```
**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court, on referral from the Honorable Dennis R. Hurley, are: (i) Defendants', Empire HealthChoice Assurance, Inc. ("Empire"), Verizon Communications Inc., Verizon Advanced Data Inc., Verizon Avenue Corp., Verizon Corporate Services Corp., Verizon New York Inc., Verizon New England Inc., Verizon Services Corp., and Empire City Subway Company (Limited) (collectively "Verizon") and County of Suffolk and Employee Medical Health Plan of Suffolk County (together "Suffolk County," Verizon and Suffolk County together "Defendants"), motion to sever pursuant to Federal Rule of Civil Procedure 21; and (ii) Suffolk County's motion to dismiss the claims against it for lack of subject matter jurisdiction pursuant to

Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, Defendants' motion to sever is denied, and the Court respectfully recommends that Suffolk County's motion to dismiss be denied.

I.   **Background**

Plaintiff's, Raymond A. Semente, D.C., P.C. ("Plaintiff" or "Semente"), claims in this action are relatively straightforward—it is a chiropractic practice that performed medical procedures for its patients, many of whom work for (or are otherwise covered under health plans offered by) Verizon or Suffolk County, both of which maintain health insurance plans administered by Empire. *See generally* Complaint ("Compl."), DE [1]. Semente alleges that despite the fact that Empire approved and paid for various medical procedures it performed for these patients between 2005 and October 2013, *id*. ¶¶ 33, 89, from October 2013 until sometime after the Complaint was filed Empire wrongfully refused to approve and pay for similar procedures.[1] *Id*. ¶¶ 35, 91. According to the Complaint there is a minimum of $132,354.89 owed for procedures performed under the Verizon health plans, *id*. ¶ 63, and a minimum of $455,271.11 owed for procedures under the Suffolk County health plan.[2] *Id*. ¶ 109.

In support of their motion, while Defendants concede that Empire is the administrator for both the Verizon and Suffolk County health plans, they contend

---

[1] Plaintiff was assigned the right to bring these claims by the patients it served who were members of, or covered by, the Verizon and Suffolk County health plans. Comp. ¶ 20; pp. 22-23.

[2] According to Defendants' moving papers the claim against Verizon are no more than $221,000 and the claims against Suffolk County total $1.4 million. *See* Defs.' Mem. at 2.

2

that there are various differences in the claims brought against each of them sufficient to warrant severance. *See* Defendants' Memorandum of Law in Support of Motion to Sever and Dismiss ("Defs.' Mem."), DE [82-1], at 2. Initially, the claims against Verizon are under its plans, while the claims against Suffolk County are under an entirely different plan. *Id*. at 7. Further, the claims against Verizon are asserted pursuant to federal law, the Employee Retirement Income Security Act, ("ERISA"), 29 U.S.C. § 1001, *et seq.*, while the claims against Suffolk County are for breach of contract under New York state law. *Id*. at 9. The parties dispute whether the Patient Protection and Affordable Care Act, 42 U.S.C. § 300gg-19(a)(2)(A), incorporated certain ERISA claims procedures set forth at 29 C.F.R. §2560.503-1 into the New York state law claims against Suffolk County.[3] There are also differences in the plans' payouts and review procedures. The Verizon plans contain a $92 payment per visit cap and a limit of 60 visits per year, while the Suffolk County plan provides for payment on a procedure-by-procedure basis. *Id*. at 8. Further, while Empire conducts the claims reviews for all of the plans at issue, Suffolk County conducts its own third level of appellate review.[4] *See id*. at 7. Finally, Defendants argue the claims against each of them are different because the patients who are members of each of the plans at issue (and their covered family members) are different. *See id*. at 2. As a result, a trial, which according to Defendants would require a claim-by-

---

[3] The parties agreed at oral argument that the Court need not resolve whether any provisions of ERISA or related regulations apply to the claims against Suffolk County in order rule on Defendants' motion to sever. *See* Transcript of October 2, 2018 Oral Argument ("Hearing Tr."), DE [94], at 38:11-16.

[4] It was pointed out at oral argument that Suffolk County outsources its appellate review of claims. *See id*. at 50:21-51:3.

3

claim review, would leave each of them in a case where its co-Defendants' unrelated claims are being litigated. *Id.* at 2, 11. And each of these claims would require different witnesses and documents. *Id.* at 10.

Further, Defendants attribute Plaintiff's opposition to their motion to an unlawful effort to keep the claims against Suffolk County in federal court, where jurisdiction is improper. *See* Defendants' Reply Memorandum of Law in Further Support of Motion to Sever ("Reply Mem."), DE [84], at 5. According to Verizon, it is willing to settle Semente's claims at an already agreed upon amount. *See* Defs.' Mem. at 4. Plaintiff, however, ultimately declined to settle because this Court would then lose subject matter jurisdiction over the remaining claims against Suffolk County because those claims are brought pursuant to state law and the parties are not diverse. *Id.* at 4-6.

For all of these reasons, Defendants argue that severance is appropriate and that the Suffolk County claims must be dismissed once severed for lack of subject matter jurisdiction. The Court disagrees.

## II. Discussion

### A. Motion to Sever

Defendants' motion to sever is governed by Federal Rule of Civil Procedure 21, which provides:

**Misjoinder and Nonjoinder of Parties**

Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

4

Fed. R. Civ. P. 21. In deciding a motion to sever, courts typically consider whether parties have been properly joined under Rule 20(a), which states:

> Defendants . . . may be joined in one action . . . if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2); *Agnesini v. Doctor's Assocs., Inc.*, 275 F.R.D. 456 (S.D.N.Y. 2011) (applying Rule 20 in the context of a motion to sever); *Glendora v. Malone*, 917 F. Supp. 224, 227 (S.D.N.Y. 1996) ("The Federal Rules of Civil Procedure do not define misjoinder, but the cases make clear that misjoinder of parties occurs when they fail to satisfy the conditions for permissive joinder under Fed. R. Civ. P. 20(a)"); 4 Moore's Federal Prac. § 21.02[1] (3d ed. 2018). Both prongs of Rule 20(a)(2)'s test must be satisfied for joinder to be permissible. Accordingly, even if there are common questions of law or fact, the relief sought still must arise out of the same series of transactions or occurrences. *Lyons v. Litton Loan Servicing LP*, 13-cv-513 (ALC)(GWG), 2014 WL 5039458 *2 (S.D.N.Y. Sept. 29, 2014) (citing *Yi Liu v. Selective Ins. Co. of Am.*, 13-CV-5997 (JS)(AKT), 2013 WL 6537176 *2 (E.D.N.Y. Dec. 13, 2013)). "There is no rigid rule as to what constitutes the same series of transactions or occurrences for the purposes of joinder under Rule 20." *Agnesini*, 275 F.R.D. at 458 (internal quotation and citation omitted). As a practical matter, when determining whether claims arise of out of the same transaction or occurrence or series of transactions or occurrences, courts look to the "logical relationship" between the claims to determine "whether the essential facts of the various claims are so

5

logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Yi Liu*, 2013 WL 6537176 at *2 (internal quotations and citations omitted); *Agnesini*, 275 F.R.D. at 458-59; *see also Ayco Co. v. Frisch*, 11-CV-580 (LEK/RFT), 2012 WL 12887701 *4 (N.D.N.Y. Aug. 13, 2012) (citing Fed. R. Civ. P. 13 for the "genesis" of the "logically related" standard). Other relevant considerations include whether severance would: serve judicial economy; cause prejudice; or require the same evidence to be submitted in separate proceedings. *Agnesini*, 275 F.R.D. at 458 (citing *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008)).

The burden is on the moving party to demonstrate that "severance is required to avoid prejudice or confusion and to promote the ends of justice." *N. Jersey Media Group Inc. v. Fox News Network, LLC*, 312 F.R.D. 111, 114 (S.D.N.Y. 2015) (quoting *Agnesini*, 275 F.R.D. at 458). Severance is considered a "procedural device" to be used only in "exceptional circumstances." *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 503 (S.D.N.Y. 2013) (internal quotation and citation omitted). Ultimately, the court has broad discretion when deciding whether to sever any party or claim. *See Compania Embotelladora del Pacifico v. Pepsi Cola Co.*, 256 F.R.D. 131, 133 (S.D.N.Y. 2013). In conducting the analysis, it is worth noting that the Supreme Court recognizes that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 1138 (1966).

The motion to sever is properly decided by the Magistrate Judge by Memorandum and Order rather than by Report and Recommendation because the decision is not dispositive of any party's rights. *See, e.g., Romano v. Levitt*, 15CV518A, 2017 WL 193502 *4 (W.D.N.Y. Jan 18, 2017) (considering the applicably standard under 28 U.S.C. § 636(b)(1)).

Applying these standards, Defendants' motion to sever is denied because Plaintiff's claims are logically related. The reality of Semente's claims is that Empire, as claims administrator for both Verizon and Suffolk County, allegedly wrongfully denied claims for the medical procedures Plaintiff performed. Critical to the Court's analysis, and as Defendants conceded at oral argument, in denying these claims Empire was applying its own internal guidelines to all of these claims, rather than the terms set forth in Verizon's and Suffolk County's respective plan documents. *See* Hearing Tr. at 19:15-20:2; 33:16-19. This is the logical relationship between all the claims. As a result, neither the difference between the plans, nor the fact that claims as addressed are asserted under federal or state law depending on the Defendant, is sufficient to merit severance.

In this regard, *Cole v. Aetna Life & Cas.*, 70 F. Supp. 2d 106 (D. Conn. 1999) is instructive. In *Cole*, on facts similar to those at issue here, the defendants argued that:

> [c]learly, each of [the plaintiff's] patients received specific treatment for individual diagnoses that constitute separate transactions or occurrences or a series of transactions [] or occurrences with regard to each of the plaintiff's patients. . . . The term and provisions of each of the ten ERISA [p]lans vary from one [p]lan to another. Each ERISA [p]lan may differ with respect to who has the final decision-making authority on claims adjudication matters, [Aetna

7

> Life Insurance Company] or the [p]lan [s]ponsor. . . . Consequently, the plaintiff's claims neither arise from the same transaction or occurrence nor raise common questions of law and fact and joinder is improper under Rule 20(a).

*Id*. at 116.

In rejecting this argument, the court concluded that the plaintiff had sufficiently asserted claims based on a series of transactions in which the plan administrator, acting in concert with the plans themselves, wrongly denied or ignored his claims. *Id*. at 117. Accordingly there was a question of fact common to all claims sufficient to warrant joinder. *Id*.

Similar reasoning applies here. The claims Semente asserts are based on Empire's repeated denial of its claims. As Defendants conceded at oral argument, these denials were based on Empire's own internal guidelines, which were applied to both the Verizon plans and the Suffolk County plan. *See* Hearing Tr. at 19:15-20:2; 33:16-19. Accordingly, any distinctions between the terms of the plans are of limited relevance. And while the parties agree that the payouts are different under each of the plans, the Court concludes that this distinction is insufficient to warrant severance of the claims. In fact it appears that there may be no issue as to payout due with respect to many, if not all, of the treatments in the event that liability is established.

Moreover, other relevant factors weigh in favor of denying the motion. Judicial economy favors of keeping the claims in a single litigation. If severance is granted, the Court will likely lose jurisdiction over the claims brought pursuant to the Suffolk County plan. That case will have to be recommenced in New York state court, where

8

discovery would have to be restarted, further delaying a case that is already four years old. There would be two cases essentially addressing the same issue, namely whether Empire unlawfully applied its internal guidelines in denying Semente's claims for payment, and as a result, a risk of inconsistent adjudications would emerge.

Further, it appears that the witnesses will overlap. Semente would certainly have to testify twice and explain its billing procedures. And, although Empire goes out of its way to argue that different of its employees addressed different claims at different times, and so there would be different witnesses to testify about the Verizon and Suffolk County claims, the Court doubts the merits of Defendants' position. Plaintiff has already taken Empire's 30(b)(6) deposition and contends that it has a number of admissions on the record that it intends to put into evidence that will be probative of the relevant issues in both claims. *See* Hearing Tr. at 56:9-57:16; 59:7-15. It is unclear whether or why Empire would choose to defend this testimony with multiple different witnesses as opposed to the single witness who appeared for the deposition. Moreover, and again as conceded at oral argument, Empire will play a role in both resulting litigations. *See* Hearing Tr. at 30:22-31:19; 33:5-15. Accordingly, severing the case would not end Empire's role in any of Semente's claims.

The only factor that does not weigh in any party's favor is prejudice. There is no reason to conclude that all sides' rights could not be vindicated in federal or state

9

court equally without the merits of any party's rights being compromised by severance.

In reaching these conclusions, the Court notes Verizon's argument that severance is appropriate, *inter alia*, because it had reached an agreement in principle to settle with Plaintiff, only to have Plaintiff back out at the last minute because it was concerned that settling with Verizon, and letting Verizon out of the case, would deprive this Court of subject matter jurisdiction because the ERISA claims against Verizon would be gone and only New York state law claims against Suffolk County would remain. While the Court expresses no opinion on this issue, even assuming that this argument has merit, severance would still be denied under the circumstances presented. The logical connection between all of the claims at issue, and the efficiency of resolving whether Empire properly denied Semente's claims in applying its internal guidelines, outweighs any potential benefit in having some of the claims settle, especially when Empire's conduct would be the central issue in either or both cases.

Accordingly, in an exercise of the Court's discretion, Defendants' motion to sever is denied.

B. Motion to Dismiss

Because Suffolk County's motion to dismiss the claims against it for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), hinges on the Court first severing the claims, the Court need not address the substance of such motion. Reply Mem. at 8 ("this motion seeks dismissal of the Suffolk Claim *only if* the Court

determines that it should be severed from the Verizon Claim."). Accordingly, because the motion to sever is denied, it is respectfully recommended that the motion to dismiss be denied, in turn, as moot.

### III. Conclusion

For all of the foregoing reasons, Defendants' motion to sever, DE [82], is denied. Further, the Court respectfully recommends that Suffolk County's motion to dismiss, DE [82], be denied.

### IV. Objections

A copy of this Memorandum and Order and Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Memorandum and Order and Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this decision. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035 *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
              October 12, 2018        SO ORDERED

                                          /s/ Steven I. Locke
                                          STEVEN I. LOCKE, USMJ