```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
RAYMOND A. SEMENTE D.C., P.C.
                                        MEMORANDUM AND ORDER
                    Plaintiff,          14-CV-5823 (DRH)(SIL)

        -against-

EMPIRE HEALTHCHOICE ASSURANCE,
INC., VERIZON COMMUNICATIONS,
INC., ET AL.,

                    Defendants.
-------------------------------X
A P P E A R A N C E S:

For Plaintiff:
    Quadrino Law Group
    225 Broad Hollow Road
    Suite 304
    Melville, New York 11747
      By: Richard J. Quadrino, Esq.
          Harold J. Levy, Esq.

For Defendants:
    Foley & Lardner LLP
    90 Park Avenue
    37th Floor
    New York, New York 10016
      By: Robert Allen Scher, Esq.

For Defendant County of Suffolk:
    Suffolk County Attorney's Office
    H. Lee Dennison Building
    100 Veterans' Memorial Highway
    Hauppauge, New York 11788
      By: Susan A. Flynn Assistant County Attorney

HURLEY, Senior Judge
```

Plaintiff Raymond A. Semente ("Semente" or "plaintiff") has sued three main defendants, viz. Verizon Communications, Inc., ("Verizon"), Empire Blue Cross Blue Shield ("Empire"), and Suffolk County ("County"). The attorney representing Verizon and

Empire represents that those two defendants have reached agreement twice on the "basic terms of the settlement . . . most recently in January of this year."  (Apr. 15, 2019 Letter of Robert A. Scher, Esq. to the Court at 1.)  Counsel for plaintiff confirms that his client is amendable to settling with Verizon and Empire on agreed terms subject to one condition.

Although the claims against all three defendants are factually intertwined,[1] the cause of action against the County is state-based unlike the federal ERISA claims leveled against the other two principal defendants.  Plaintiff takes the position that it will only consummate the aforementioned settlement if the Court will retain supplemental jurisdiction over the County under 28 U.S.C. § 1367.  As a result, Verizon and Empire feel that they are being unfairly held hostage in the litigation which is now in its sixth year with the concomitant waste of money and other resources notwithstanding their conditional agreements with plaintiff.  (Id.)  To resolve this perceived dilemma, I am being asked to issue an order indicating that I will handle this case to its conclusion should the subject settlement come about, rather than dismiss what would then be a solely state-based action, without prejudice to it being pursued in a state court.

This issue was discussed during a telephone conference

---

[1] See Semente v. Empire et al., 14-CV-05823 (DE No. 53) at 7.

amongst the parties and the Court held on March 6, 2019.  At that time, I provided "my preliminary view" that "even if the federal actions are resolved and thus withdrawn from the fray" I would retain the case given, inter alia, its age, the fact that it has been the subject of extensive discovery and motion practice, plus it is now apparently close to trial ready.  However, I voiced that view without first hearing from counsel, believing that all parties would likely concur given the attendant circumstances.

Contrary to my expectations, however, the County objected; if, it opined, plaintiff and the other two principal defendants settled, the appropriate venue to hear the claim against the County would be "the Suffolk County Supreme Court." (See Mar. 6, 2019 Transcript of Telephone Conference at 4.)  The County asked for time to brief the matter.

In the County's letter brief of March 26, 2019, it explained, after acknowledging that such matters are generally addressed to a court's discretion, that such discretion is "subject to boundaries."  (Id. at p. 3.)  That was followed by a listing of a series of cases in which courts declined to retain supplemental jurisdiction following dismissal of the federal claims.  (Id.)  However, as noted by counsel for Verizon and Empire, in each of those cases the dismissal of supplemental claims occurred, unlike here, in the early stages of the proceeding.  (Apr. 12, 2019 Letter of Harold J. Levy, Esq. at 1.)

It was my view then, as it is now, that the issue of whether to retain supplemental jurisdiction over the pending case or to remand it to a state tribunal rests in my discretion with a determinative factor being the state of the litigation undertaken thus far.  See <u>Ametex Fabrics, Inc. v. Just In Materials</u>, 140 F.3d 101, 104-05 (2d Cir. 1998).

The crux of the present problem is that I am being asked to render what is in effect an advisory opinion on hypothetical facts even though broached in an ongoing proceeding. No case law or statutory authority has been cited in support of this largely procedural request.

To the extent the County or some other party may be — and it is unclear to me — requesting a declaratory judgment to take effect depending upon whether plaintiff and Mr. Scher's defendants actually settle their dispute, the application is denied on the information provided.

SO ORDERED.

Dated: Central Islip, New York
       May 31, 2019

_____
DENIS R. HURLEY, U.S.D.J.