```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAYMOND A. SEMENTE, D.C., P.C.,
```

                        Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                                                    14-CV-5823 (DRH) (SIL)

     - against -

EMPIRE HEALTHCHOICE ASSURANCE, INC.,
d/b/a EMPIRE BLUE CROSS BLUE SHIELD,
VERIZON COMMUNICATIONS, INC., VERIZON
ADVANCED DATA INC., VERIZON AVENUE
CORP., VERIZON CORPORATE SERVICES
CORP., VERIZON NEW YORK INC., VERIZON
NEW ENGLAND INC., VERIZON SERVICES
CORP., EMPIRE CITY SUBWAY COMPANY
(LIMITED), COUNTY OF SUFFOLK, SUFFOLK
COUNTY LABOR/MANAGEMENT
COMMITEE and THE EMPLOYEE MEDICAL
HEALTH PLAN OF SUFFOLK COUNTY,

                                  Defendants.
------------------------------------------------------------X

**APPEARANCES:**

**For Plaintiff**:
The Law Offices of Harold J. Levy, P.C.
823 Anderson Avenue
Fort Lee, New Jersey 07024
By:    Harold J. Levy, Esq.

**For Defendants / Cross Claimants:**
Suffolk County Attorney
100 Veterans Memorial Highway
Hauppauge, New York 11788-0099
By:    Hope Senzer Gabor, Esq.

**For Cross Defendant**:
Foley & Lardner LLP
90 Park Avenue
New York, New York 10016
By:    Robert A. Scher, Esq.
          Rachel E. Kramer, Esq.

**HURLEY, Senior District Judge:**

Plaintiff Raymond A. Semente, D.C., P.C. ("Plaintiff" or "Semente") commenced this action against defendants Empire Healthchoice Assurance, Inc. d/b/a Empire Blue Cross Blue Shield, ("Empire"), Verizon Communications, Inc., Verizon Advanced Data, Inc., Verizon Avenue Corp., Verizon Corporate Services Corp., Verizon New York Inc., Verizon New England Inc., Verizon Services Corp., Empire City Subway Company (Limited), (collectively, the "Verizon defendants"), and County of Suffolk, Suffolk County Labor/Management Committee, and the Employee Medical Health Plan of Suffolk County (collectively, "Suffolk"). Plaintiff is a corporation providing chiropractic and related medical services, which commenced this action on behalf of its patients to recover money allegedly wrongfully withheld by Empire and the health plans it administers for Verizon and Suffolk employees.

The Complaint consists of three counts. Count I asserts claims against the Empire and Verizon defendants pursuant to the Employee Retirement Income Security Act ("ERISA"), 28 U.S.C. § 1332(a)(1)(B). Count II asserts a claim for breach of the Employee Medical Health Plan administered by Empire and sponsored by Suffolk. Count III asserts a claim against Empire and Suffolk for violation of New York's Prompt Pay Law. Plaintiff subsequently dismissed Count II against Empire and Count III in its entirety.

Before the Court is Plaintiff's motion for summary judgment. Since the filing of the motion, Plaintiff has settled its claims with the Empire and Verizon Defendants. Accordingly, the Court only addresses Count II against the Suffolk Defendants.[1] For the reasons set forth below, Plaintiff's motion is denied.

---

[1] Though Plaintiff has settled his claims with the Empire defendants, it is still involved in this action as a third-party defendant because Suffolk County has asserted a cross-claim for

## BACKGROUND

The following facts are undisputed unless otherwise noted.[2]

Plaintiff Raymond A. Semente, D.C., P.C. is a professional corporation located in Suffolk County, of which Dr. Raymond A. Semente, a licensed chiropractor, is the owner and sole shareholder. (Pl.'s 56.1 Stmt. [ECF No. 115-32] ¶¶ 1-2.) Defendants County of Suffolk and the Suffolk County Labor/Management Committee are "the Plan Sponsor and a Plan Administrator" for the Employee Medical Health Plan of Suffolk County (the "Suffolk Plan"). (Pl.'s 56.1 Stmt. ¶¶ 5-6.) Plaintiff states that Empire is the Plan Administrator for the Suffolk Plan, however Empire states that "Plaintiff's complaint alleges, and Empire admitted in its Answer, that Empire is the *claims* administrator for the Suffolk Plan." (Empire's 56.1 Stmt. [ECF No. 117-13] ¶ 7.)

The Suffolk Plan is a contract between Suffolk and its employees that covers, among other things, "medically necessary treatments and procedures provided by licensed health care providers, including chiropractors." (Pl.'s 56.1 Stmt. ¶ 9.) The Suffolk Plan is set forth in the Employee Medical Health Plan of Suffolk County Benefit Booklet, which contains an anti-assignment provision stating "Note: Assignment of benefits to a non-network provider is not permitted." (Pl.'s 56.1 Stmt. ¶ 11; Levy Decl. Ex. 4 [ECF No. 115-7] (January 2012 Benefit Booklet) at 91.) Under the Suffolk Plan, Plaintiff is an out-of-network provider. (Suffolk's 56.1 Stmt. [ECF No. 116-15] ¶ 83.)

Plaintiff brings this action on behalf of certain patients who assigned him their rights under the Suffolk Plan. An example of one assignment is titled "Assignment of Causes of Action and

---

contribution and judgment against it. (Empire's Mem. in Opp. [ECF No. 117-14] at 1 n.2.) Empire has submitted an opposition to Plaintiff's motion in that capacity.
[2] The Court only includes the facts relevant to its analysis.

Right to Pursue Litigation on Behalf of Health Plan Employee Members and Dependents" and states in relevant part:

> I hereby assign to Dr. Raymond A. Semente, D.C., P.C. any and all legal causes of action and the right to commence and pursue a lawsuit on my behalf and/or on behalf of the employee member and/or all covered persons or dependents under the group health plan issued by the County of Suffolk, New York to pursue payment to me or the employee member for health plan claims that have been denied or partially unpaid by the health plan and[/]or its administrator, Empire Blue Cross Blue Shield, for services rendered to me and/or my dependents or the covered employee under the health plan. I hereby authorize such lawsuit to be commenced and pursued against the County of Suffolk and/or any of its subdivisions and/or the Employee Medical Health Plan of Suffolk County and Empire Blue Cross Blue Shield.

(Gabor Decl. Ex. K [ECF No. 116-12] (Assignment of Causes of Action and Right to Pursue Litigation on Behalf of Health Plan Employee Members and Dependents).).

## LEGAL STANDARD

Summary judgment pursuant to Rule 56 is appropriate only where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact, and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. SYS. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996).

## DISCUSSION

*I. Anti-assignment provision*

As an initial matter, the Court addresses Suffolk and Empire's argument that Plaintiff does not have standing because of the anti-assignment provision in the Suffolk Plan. Plaintiff argues that the anti-assignment provision only prohibits assignment of benefits, not other rights such as the right to sue on behalf of Suffolk plan members. (Pl.'s Mem. in Rep. [ECF No. 118] at 13.) The anti-assignment provision states "Note: Assignment of benefits to a non-network provider is not permitted." (Levy Decl. Ex. 4 (EMHP Benefits Book 2012) at 91.) The provision appears in a section titled "How to File Claims." *Id*. Semente executed assignments with certain plan members stating, in relevant part, "I hereby assign to [Semente] any and all legal causes of action and the right to commence and pursue a lawsuit on my behalf and/or on behalf of the employee member and/or all covered persons or dependents under the group heath plan issued by the County of Suffolk, New York to pursue payment to me or the employee member for health plan claims that have been denied or partially unpaid by the health plan and[/]or its administrator…" (Gabor Decl., Ex. K.) Plaintiff brought this action on behalf of patients who assigned their rights under the Suffolk Plan to him.

The Court has previously addressed the issue of whether Plaintiff has standing to bring a breach of contract action against Suffolk. In 2015, Suffolk moved to dismiss this action for lack of standing, among other reasons. (Def.'s Mot. to Dismiss [ECF No. 41-3].) At the time, Suffolk County cited to case law from outside this circuit regarding assignment of benefits under ERISA health plans and argued that, "[a]t a maximum, Plaintiff's 'assignment' provides an authorization only to represent an individual patient in an individual action against the EMHP…." (*Id.* at 8-9.) Suffolk County also argued that Plaintiff lacked standing based on general principles of New York

contract law. (*Id.* at 11-12.) Nonetheless, the cases that Suffolk County cited specifically relating to assignment of benefits under health plans pertained to plans governed by ERISA rather than New York law, even though the parties agreed that New York contract law was applicable. In its opposition, Plaintiff argued that the anti-assignment provision was "extremely narrow and restricted" to benefits and did not foreclose its patients from transferring their right to bring legal action. (Pl.'s Mem. in Opp. to Mot. to Dismiss [ECF No. 42] at 14.) Plaintiff further argued that "[u]nder New York law, an assignment is valid even where an agreement generally prohibits assignment, unless the agreement specifies that an assignment 'would be invalid or void.'" (*Id.* at 17 (citing *Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 2014 WL 1612988 (S.D.N.Y. Mar. 30, 2014)).) Given the case law presented by the parties at the motion to dismiss stage, I found that the assignment clauses were valid because the anti-assignment provision did not explicitly state that any assignments would be void. (Mem. and Order, Dec. 4, 2015 [ECF No. 48] at 7-8.)

In its opposition to the instant motion for summary judgment, Suffolk and Empire have presented a number of cases dealing specifically with anti-assignment provisions, like the one at issue here, in the context of similar health plans governed by New York law. For example, Suffolk cites to another case in this district brought by healthcare providers against Empire Healthcare HMO, Inc. and Empire Healthcare Assurance, Inc. to recover money for unpaid benefit claims. *Angstadt v. Empire Healthcare HMO, Inc.,* 2017 WL 10844692 (E.D.N.Y. Mar. 16, 2017). *Angstadt* also considered the anti-assignment provision in the Suffolk Plan and found that it deprived the plaintiff healthcare providers in that case of standing, despite assignments between the plaintiffs and their patients. The Honorable Judge Sandra J. Feurstein explained in *Angstadt* that a "virtually identical provision to the one at issue both here and in *Semente*, contained the clear, definite and appropriate language declaring the invalidity of assignments necessary to be a

valid anti-assignment clause." 2017 WL 10844692 at *8 (citing *American Med. Ass'n v. United Healthcare Corp.*, 2001 WL 863561 at *12 (S.D.N.Y. July 31, 2001) (quoting *Cole v. Metropolitan Life Ins. Co.*, 273 A.D.2d 832, 833, 708 N.Y.S.2d 789 (N.Y. App. Div. 2000))) (internal quotations omitted).

Plaintiff attempts to distinguish *Angstadt* on the basis that plaintiffs in that case "were seeking to receive additional unpaid 'benefits,'" as opposed to transferring their rights to bring a legal action. (Pl.'s Mem. in Reply at 13.) In *Angstadt*, plaintiff healthcare providers brought suit on behalf of their patients for claims where Empire made partial payment or "improperly denied payment altogether." *Angstadt v. Empire Healthcare HMO, Inc.*, 2017 WL 10844693 (E.D.N.Y. Jan. 6, 2017), *report and recommendation adopted as modified sub nom. Angstadt v. Empire HealthChoice HMO, Inc.*, 2017 WL 10844692, **1-2 (E.D.N.Y. Mar. 16, 2017). As with the case here, plaintiff out-of-network healthcare providers executed assignment agreements with their patients, transferring "'all rights, title and interest in benefits payable for services rendered by the Practice,' and 'authorize[d] the…employee benefit plans…to pay directly to this medical provider or practice all benefits due under said policy or plan by reasonable services rendered." *Id.* Thus, the Court fails to see how the facts in *Angstadt* are distinguishable from the facts here.

In further support of his argument, Plaintiff argues that the "distinction" noted above is supported by an Eighth Circuit case. (Pl.'s Mem. in Rep. at 13-14 (citing *Lutheran Med. Ctr. of Omaha, Neb. v. Contractors, Laborers, Teamsters & Engineers Health & Welfare Plan*, 25 F.3d 616 (8th Cir. 1994), *abrogated by Martin v. Arkansas Blue Cross & Blue Shield*, 299 F.3d 966 (8th Cir. 2002).) That case is inapplicable here because it pertains to standing under ERISA, whereas the standing issue in this case arises under New York state law. That is because Plaintiff's

claim against Suffolk is one for breach of contract under New York law. Thus, the relevant law for purposes of this inquiry is New York law.

In light of the case law presented in the instant motion papers and the reasoning in *Angstadt*, the Court has reexamined its previous decision. Based on that exercise, the Court notes a distinction in the case law regarding anti-assignment provisions between prohibitions on assignments and provisions containing personal covenants not to assign. For example, the anti-assignment provisions in some of the cases previously cited by the parties and the Court prohibited assignment without consent of the other party. *See, e.g. Sullivan v. Int'l Fid. Ins. Co.*, 96 A.D.2d 555, 555 (2d Dep't 1983) ("The contract further provided that '[n]either party may assign this agreement, or any right or interest hereunder without the consent of the other party…'") Based on that kind of anti-assignment provision, which included a personal covenant not to assign rights, those cases drew a distinction between "assignments made in contravention of a prohibition clause" and "personal covenants against assignments," finding that a violation of the latter "gives rise only to a claim for damages against the assignor for violation of the covenant." *Id*. at 556. Because the provision here is more akin to the first category, as in "assignments made in contravention of a prohibition clause," the Court finds that case law regarding "personal covenants against assignments" is inapplicable here. Furthermore, where there is a "clearly stated intent to render [a party] powerless to assign, there [is] no need for the non-assignment clause to contain talismanic language or magic words describing the effect of any attempt by the payee to make an assignment." *C.U. Annuity Serv. Corp. v. Young*, 281 A.D.2d 292, 293, 722 N.Y.S.2d 236 (2001).

Upon reviewing the more factually analogous cases that have now been presented to the Court, I find that my earlier determination was wrong and that the anti-assignment provision in the

EMPH is enforceable.[3] Accordingly, the various assignment agreements between Plaintiff and the patients on whose behalf it brings this suit are void. Because Plaintiff is not a party to the Suffolk Plan, which is between the County and its plan members and the assignment of rights from the plan members to Plaintiff is not valid, Plaintiff is without standing to pursue this suit.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is denied and the case is dismissed. Accordingly, the Clerk of Court is directed to enter judgment and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
March 16, 2020

                                                                                                              s/ Denis R. Hurley
                                                                                                              Denis R. Hurley
                                                                                                              Unites States District Judge

---

[3] The Court is not bound by its previous decision denying Suffolk's motion to dismiss for lack of standing. *See In re Bennett Funding Grp., Inc.*, 336 F.3d 94, 102 (2d Cir. 2003) ("Denial of the motion to dismiss on standing grounds does not preclude later consideration on summary judgment or indeed at trial as standing is an aspect of subject matter jurisdiction.") (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").